12 F.3d 1110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oliver OMENWU, Defendant-Appellant.
 No. 91-50275.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 1, 1993.
 
 MEMORANDUM**
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 Oliver Omenwu appeals his conviction following a guilty plea to conspiracy and possession with intent to distribute heroin in violation of 21 U.S.C. Secs. 841(a)(1), 846. Omenwu claims that a conflict of interest between himself and his trial counsel prevented counsel from rendering effective assistance. We have jurisdiction under 28 U.S.C. Sec. 1291. We conclude that the record is insufficiently developed to address Omenwu's claim on direct appeal, and therefore affirm.
 
 
 2
 "In order to prevail on an ineffective assistance of counsel claim based on conflict of interest, a defendant must show that 'an actual conflict of interest adversely affected his lawyer's performance.' " United States v. Miskinis, 966 F.2d 1263, 1268 (9th Cir.1992) (quoting Cuyler v. Sullivan, 446 U.S. 335, 350 (1980)). Adverse effect is not equivalent to the showing of prejudice ordinarily required for an ineffective assistance of counsel claim. Id. We will assume prejudice "if the alleged violation is based on an actual conflict of interest." Id. Nonetheless, "[a]n actual conflict must be proved through a factual showing on the record." Morris v. State of Cal., 966 F.2d 448, 455 (9th Cir.1991), cert. denied, 113 S.Ct. 96 (1992).
 
 
 3
 A review of the present record reveals the following facts. At a hearing on a motion to suppress evidence, Kimuel Lee, Omenwu's retained counsel, made an oral motion to be relieved from the case based upon Omenwu's inability to pay Lee's retainer fee. Lee further informed the district court that Omenwu might be eligible for a public defender. The district court denied the request stating that the case had been called, the motion to suppress had been filed, and the court had read both parties' position papers. The court further informed Omenwu that he could seek a substitution by consulting with a different attorney later on. Following argument on the merits, the court denied the suppression motion Subsequently, Omenwu pled guilty.
 
 
 4
 Prior to sentencing, Omenwu submitted a letter to the court requesting the appointment of a public defender. Omenwu alleged that: he did not have the money to pay the outstanding balance on Lee's retainer fee; Lee rarely came to the detention center to discuss the case with him; Lee informed Omenwu that he did not feel obligated to represent him; Lee stated that he was not wasting his time on the case and was only showing up at the courthouse because the court forced him. The court summarily denied the request.
 
 
 5
 On the morning of sentencing, the court received a second letter from Omenwu requesting the appointment of a public defender. Omenwu alleged, among other things, that: he could not afford to pay Lee's retainer fee or to hire another attorney; he and Lee had experienced a breakdown in the attorney-client relationship as a result of the nonpayment; he had neither seen nor heard from Lee since the plea hearing; and he had not spoken with anyone regarding the sentencing hearing and did not know what to expect.
 
 
 6
 At sentencing, Lee asked the court for additional time because he needed to review the presentence report with Omenwu. Before allowing a recess, the court denied Omenwu's second request for appointment of a public defender. The court stated:
 
 
 7
 You have retained your attorney, and he is your attorney of record, and the reasons for which you give me for appointing an attorney is not adequate for me to relieve your attorney of record for the purposes of sentence at this time, or to complete the case....
 
 
 8
 There is only sentencing left in your case. I suggest that you speak to him [defense counsel] and confer with him so that you know what to present for your sentence that I will have called up again after you have had the opportunity to review your presentence report.
 
 
 9
 Subsequently, the district court imposed a 108-month sentence, representing approximately the midpoint of the Guidelines range.
 
 
 10
 Assuming the validity of Omenwu's allegations, we agree that a question exists as to whether Omenwu was denied his Sixth Amendment right to effective assistance of counsel. We note that Omenwu's allegations appear to be corroborated by Lee's admission that he had not reviewed the presentence report with Omenwu before the sentencing hearing. Nonetheless, at no point during the court proceedings did the district judge ask Lee if the nonpayment of his retainer fee affected his ability to provide competent and effective representation or require Lee to respond to the allegations raised by Omenwu in his two letters requesting appointed counsel. The record therefore is not sufficiently developed to permit us to address on direct appeal whether an actual conflict of interest existed. See Miskinis, 966 F.2d at 1268-69.
 
 
 11
 "In light of the need for ... [Lee's] testimony, we conclude that collateral review provides the appropriate forum for ... [Omenwu's] ineffective assistance of counsel claim." See id. at 1269 (claims of ineffective of assistance of counsel generally should be raised by a collateral attack under 28 U.S.C. Sec. 2255 where facts outside the record but necessary to the disposition can be developed).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Omenwu's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3